### W. R. DODD *v.* DAVID HAYS ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—536.]

**Res Adjudicata.**

When a petition is taken for confessed and a jury is sworn and assesses the damages, it is in effect a verdict for the plaintiff on the whole case, and the right to the land is res adjudicata; and when no appeal is taken the rights of the parties must be held to be finally settled.

APPEAL FROM WARREN COURT OF COMMON PLEAS.

January 21, 1882.

OPINION BY JUDGE PRYOR:

In the original action for the recovery of the land in controversy the petition was taken for confessed and a jury sworn to assess the damages. They did assess the damages at $200. Subsequent to this, on motion of the plaintiff, a writ of habeas facias was directed to issue. This was equivalent to an entry of the

judgment in regular form. The question of title had been determined by the inquiry as to the damages and this was really the only question in that case necessary for the jury to pass upon.

This judgment for damages, with the direction for the writ to issue, stands unreversed. And while the petition for revivor, asking that the suit issue in the name of the heirs (the original plaintiff being dead), may be informal, as the revivor could have been made by motion on notice given, it has not prejudiced the rights of the appellant, as the writ can only go for the land described in the original petition; and as the appellees were required to pay the costs of the last proceeding no harm can possibly result from the judgment.

The right to the land described in the original petition is res adjudicata; and as the writ directs the delivery of the possession within the boundary as defined in the original action, we perceive no objection to it, nor had the court below any right to withhold it. The petition having been taken for confessed and the jury having inquired of damages, it was in effect a verdict for the plaintiff on the whole case and the court had nothing to do but award the writ. The absence of a formal judgment for the land does not invalidate the proceedings.

Judgment *affirmed*.

*Halsell & Mitchell*, for appellant.

*C. M. Thomas*, for appellees.